963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harrison ROSS, Defendant-Appellant.
 No. 91-10284.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1992.*
Decided May 14, 1992.
 
 Before CHOY, HUG and RYMER, Circuit Judges.
 MEMORANDUM**
 Harrison Ross was convicted of involuntary manslaughter committed on the Navajo Indian Reservation. Ross appeals on the ground that the trial court erred in denying his motion to suppress the results of a blood alcohol test administered by an Indian Health Services doctor, Joseph Magee. We affirm.
 Ross claims that the blood alcohol test was administered in violation of his Fourth Amendment right against unreasonable searches and seizures because his consent was not voluntary, and the blood sample was not taken for a medical purpose but only to assist a government investigation.
 The district court found that after taking one sample, the doctor, who was employed by the Public Health Service, asked Ross if he could draw more blood for a blood alcohol test. Ross consented. Although the sample was turned over to the Arizona Department of Public Safety for alcohol testing, Ross points to no evidence that the doctor was acting at the behest of investigative authorities. Nor does Ross point to any evidence that Dr. Magee represented that the second sample was being taken for medical purposes. There is, accordingly, no substantial indication of the type of deception which might vitiate consent. Cf. United States v. Bosse, 898 F.2d 113, 115 (9th Cir.1990) (BATF agent misrepresented purpose of accompanying state Department of Justice agent on inspection visit).
 
 
 1
 Ross further relies on United States v. Attson, 900 F.2d 1427 (9th Cir.), cert. denied, 111 S.Ct. 393 (1990), and United States v. Harvey, 701 F.2d 800 (9th Cir.1983), for the proposition that suppression is warranted because the blood sample was taken by a government doctor for investigative purposes. Ross's reliance on these cases is misplaced. In Attson, we merely held that the conduct of a governmental party is subject to the Fourth Amendment if that party acts with intent to assist the government in its investigatory or administrative purposes. 900 F.2d at 1433. In this case, however, even if the Fourth Amendment applies, Ross still validly consented to the taking of the blood sample. Similarly, Harvey held that the Fourth Amendment requires police validly and formally to arrest a suspect prior to ordering the removal of a blood sample without the suspect's consent. 701 F.2d at 807. By contrast, Ross consented to the drawing of his blood.
 
 
 2
 Ross also argues that his consent was invalid because he was in a weakened physical and mental condition at the time he consented to the blood test. The district court, however, found that Ross was not seriously injured; that finding is supported by Dr. Magee's testimony that Ross was in relatively good physical condition and was mentally alert. Under the circumstances, we cannot say that the court erred in finding that Ross's consent was voluntary. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973).
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3